Metcalf, J.
Robbery, by the common law, is larceny from the person, accompanied by violence or by putting in fear; and an indictment therefor must allege that the taking was from the person, and that it was by violence or by putting in fear, in addition to the averments that are necessary in indictments for other larcenies. The King v. Rogan, Jebb’s Crown Cases, 62; Smith’s case, 2 East P. C. 783, 784; The King v. Donnatty, 1 Leach, (3d ed.) 229 ; 2 Stark. Crim. Pl. (2d ed.) 474. If, therefore, the present indictment were for the common-law offence of robbery, it would be fatally defective, for want of the averments that the articles, alleged to have been stolen and taken from Pendexter, were his property or the property of some third person; 2 Hawk. c. 25, § 71; and that they were carried away by the defendants. Archb. Crim. Pl. (5th Amer. ed.) 308. As the indictment is drawn, all the averments therein may be true, and yet the defendants not be guilty of robbery at common law. The wallet and the bank bills may have been the property of the defendants, and may *217 have been unlawfully taken from them by Pendexter. If so, the forcible retaking of them from him, by the defendants, would not be the offence of robbery. Rex v. Hall, 3 Car. & P. 409.
' It was suggested, in argument, that as this indictment is on § 15 of c. 125 of the revised statutes, and uses the statute words, it is sufficient. But we cannot adopt this suggestion. The words of that section are, that “ if any person shall, by force and violence, or by assault and putting in fear, feloniously rob, steal and take from the person of another, any money, or other property which may be the subject of larceny, (such person not being armed with a dangerous weapon,) he shall be punished,” &e. This is a reenactment of St. 1804, c. 143, § 7, which was substantially the same. In neither statute is the carrying away of the property mentioned as a part of the offence, nor is it declared, in either, that the property taken shall belong to the person robbed, or to any third person. Yet it was not the purpose of the legislature to create a new offence, but merely to prescribe a new punishment of acts which constitute robbery at common law. And it was held, in Commonwealth v. Humphries, 7 Mass. 242, that the St. of 1804 did not change the definition of the crime of robbery, nor render it necessary, in an indictment therefor, on that statute, to allege a putting in fear, in addition to the allegation of force and violence. The word “ rob ” was inserted in the indictment in that case, and also in Martin’s case, 17 Mass. 359, in addition to the words “ steal, take and carry away,” which only are inserted in indictments at common law. And as that word was used in St. 1804, and is used in c. 125 of the revised statutes, it is advisable, and perhaps necessary, to insert it in indictments on that chapter. But in framing an indictment on a statute, it is not “ sufficient to pursue the very words of the statute, unless by so doing you fully, directly and expressly allege the fact in the doing or not doing whereof the offence consists, without any the least uncertainty or ambiguity.” 2 Hawk. c. 25, § 111; Bac. Ab. Indictment, H. 3. The words of the Rev. Sts. c. 125, § 15, do not set forth, and were not intended to set forth, fully, directly *218 and expressly, all that is necessary to constitute the offence thereby intended to be punished. To constitute that offence, the articles stolen must be carried away by the robber, and must be the property of the person robbed, or of some third person. These facts, therefore, must be alleged, in an indictment on that section, in the same manner in which they are required (as we have seen) to be alleged in an indictment at common law. And as they are not alleged in this indictment, judgment must be arrested.
Under the English St. 7 & 8 Geo. 4, c. 20, § 6, which simply enacts that “if any person shall rob any other person of any chattel, money, or valuable security, every such offender, being convicted thereof, shall suffer,” &c., it has been decided that an indictment, alleging that the defendant robbed A. of certain chattels mentioned, need not allege that he did it with violence; the word “ rob ” necessarily importing force and violence. Lennox & Pybus's case, 2 Lewin’s Crown Cases, 268. But that decision is not an authority for a similar decision under our Rev. Sts. c. 125, § 15, which have expressly made “ force and violence, or assault and putting in fear,” as well as robbing, stealing and taking from the person, a part of the description of the offence thereby made punishable.

Judgment arrested.